**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON ADALBERTO DIAZ BENITEZ, | No. 08-73262 |
| Petitioner, | Agency No. A094-146-476 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011**

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Nelson Adalberto Diaz Benitez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Diaz Benitez does not raise any challenge to the agency's dispositive finding that he is ineligible for asylum due to his conviction for rape. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to his asylum claim.

Diaz Benitez contends he qualifies for withholding of removal on account of imputed political opinion and membership in two social groups. Substantial evidence supports the agency's finding that Diaz Benitez did not demonstrate past persecution because the attacks on his uncle and brother were not tied to him. *See Wakkary*, 558 F.3d at 1060 (murder of friend and associate were not "part of a pattern of persecution closely tied to" petitioner) (internal quotation and citation omitted). Substantial evidence also supports the agency's finding that Diaz Benitez has not demonstrated a clear probability of persecution. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987) (clear probability standard requires alien "to establish by objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation"); *Nagoulko v. INS*, 333 F.3d

1012, 1018 (9th Cir. 2003) (petitioner's fear not objectively reasonable under circumstances of case). Accordingly, Diaz Benitez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Diaz Benitez failed to establish it is more likely than not he would be tortured at the instigation or with the acquiescence of the Salvadoran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

08-73262